# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARTINEZ, | 1: 05 CV 0077 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' MOTION TO DISMISS |
| v. | [Docs 25, 32] |
| VASQUEZ, et.al., | |
| Defendants. / | |

A.    <u>Relevant Procedural History</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action for damages is proceeding on plaintiff's complaint, filed January 19, 2005, against defendants Cano, Ortiz, Vasquez, Terle and Surges for violating the First Amendment by prohibiting his receipt of certain catalogs.  Plaintiff alleges that defendant Scribner violated his rights by banning the magazine "FMH."  On October 7, 2005, defendants Cano, Ortiz, Vasquez and Terle filed a motion to dismiss the claims against them on the grounds that plaintiff lacks standing and fails to state any claims upon which relief may be granted.[1]  On November 2, 2005, defendant Surges filed a motion to dismiss on similar grounds (hereinafter defendants Cano, Ortiz, Vasquez, Terle and Surges will collectively be referred to as "defendants").  Plaintiff filed an opposition to both motions on November 28, 2005.  In his

---

[1] Defendant Scribner filed an Answer on October 7, 2005.

1

1  opposition, plaintiff states that he has no objection to defendants Cano and Terle being dismissed
2  from this action.

3        B.      Legal Standard

4        In considering a motion to dismiss for failure to state a claim, the court must accept as
5  true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,
6  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing
7  the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411,
8  421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith
9  v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard
10 applies to all civil actions, with limited exceptions," none of which applies to section 1983
11 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).
12 Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim
13 showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement
14 must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon
15 which it rests." Swierkiewicz, 534 U.S. at 512.

16       A court may dismiss a complaint only if it is clear that no relief could be granted under
17 any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and
18 summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of
19 unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail
20 but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear
21 on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"
22 Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232,
23 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
24 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,
25 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not
26 be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the
27 claim that would entitle him to relief. See Hishon v. King &
28 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also

1 | Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

2 |   C.  Discussion

3 |     1.  Standing

4 |   The Constitution limits the federal judicial power to designated "cases" and
5 | "controversies". U.S. Const., Art. II, § 2. Thus, federal courts do not have the power to decide
6 | questions of law in a vacuum. Standing is "an essential and unchanging part of the case or
7 | controversy requirement of Article III." Lujan v. Defendnts of Wildlife, 504 U.S. 555, 560
8 | (1992). To establish "a case or controversy" within the meaning of Article III, plaintiff must
9 | show the following as an "irreducible minimum": (1) an "injury in fact" which is concrete and
10 | not conjectural; (2) causation, a causal connection between the injury and defendant's conduct or
11 | omissions; and (3) redressibility, a liklihood that the injury will be redressed by a favorable
12 | decision. *Id*.

13 |   Defendants argue that plaintiff lacks standing to bring the present action because he does
14 | not allege a cognizable injury in fact or a causal connection between the injury and conduct
15 | complained of. Defendants point out that in his complaint, plainitff acknowledges that he never
16 | received the catalog at issue and that defendant Vasquez stated that the catalog was never
17 | received in the mail room. Defendants argue that it is unclear whether the catalog would have
18 | been banned if it had been received and plaintiff's claim is therefore an "academic generalized
19 | grievance" which should be dismissed.

20 |   In response, plaintiff states that he is challenging the " blanket ban on all incoming
21 | catalogs" imposed at Corcoran State Prison, not simply the failure to receive a particular catalog.

22 |   Plaintiff's allegations can fairly be read to challenge the complete ban on all catalogs at
23 | Corcoran State Prison. He alleges,

24 | > On June 13, 2003, defendant Vasquez denied plaintiff's CDC 602 Appeal at the
25 | > Informal Level. Defendant Vasquez stated that no catalog was ever received in
    | > the mail room, and that in any event, "All catalogs are not allowed per Title 15
    | > Sec. 3006(c)(1).
26 |

27 | Complaint, p.3:15-19. Indeed, in his First Claim for relief, plaintiff contends, "Defendants
28 | Vasquez, Cano, Terle, Ortiz and Surges, violated plaintiff's guaranteed rights under the First

Amendment of the Untied States Constitution by banning all catalogs per CCR 3006 (c)(11)."
As an inmate subject to the regulation, plaintiff has standing to bring this challenge.
Accordingly, defendants' motion to dismiss for lack of standing is without merit and the court recommends that defendants' motion to dismiss for lack of standing be denied.

          2.        Failure to State a Claim

Defendants argue that plaintiff's only allegations against them are that they participated in the inmate grievance process. Defendants argue these allegations do not amount to a constitutional deprivation because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.

Plaintiff does not address this argument specifically and he fails to identify any specific conduct on the part of Vasquez, Cano, Terle, Surges or Ortiz, other than their involvement in the appeals process. Plaintiff argues generally that "defendants'" complete ban on all incoming catalogs, regardless of their content, violates the First Amendment.

Reviewing the complaint, the Court agrees that plaintiff's allegations against defendants Vasquez, Cano, Terle, Ortiz and Surges, are limited to his claim that they participated in the denial of plaintiff's inmate appeals regarding the ban on catalogs. He does not allege that these defendants personally participated in the alleged deprivation of his constitutional rights. It is well established that actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Therefore, without more, plaintiff's allegations against defendants Vasquez, Cano, Terle, Ortiz and Surges fail to state a claim for liability under section 1983. Plaintiff fails to allege any conduct on the part of these defendants in connection with the alleged disallowance of his catalog or the policy banning catalogs in general, other than their participation in the grievance process.

1    Even if these defendants personally participated in the denial of plaintiff's catalog or the
2 policy banning catalogs in general, they are entitled to qualified immunity. The Ninth Circuit has
3 recently held that prison officials are entitled to qualified immunity in banning non-subscription
4 bulk mail and catalogs. *See* Prison Legal News v. Lehman, 397 F.3d 692, 696 (9th Cir. 2005). In
5 Prison Legal News v. Lehman, the Ninth Circuit held that prison officials could have reasonably
6 interpreted Morrison v. Hall, 261 F.3d 896 (9th Cir. 2001), to mean that they could ban catalogs
7 and non-subscription bulk mail, while allowing inmates to receive non-profit and for-profit
8 subscription bulk mail.[2]

### D. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants Cano, Ortiz, Vasquez and Terle's motion to dismiss, filed October 7, 2005 and defendant Surges' motion to dismiss filed November 2, 2005, be granted in part and denied in part as follows:

1. Defendants' motion to dismiss plaintiff's claims for lack of standing be DENIED;
2. Defendants' motion to dismiss plaintiff's claims against them for failure to state a claim be GRANTED; and
3. This action proceed against defendant Scribner.

IT IS SO ORDERED.

Dated:   **June 22, 2006**             /s/ Dennis L. Beck
3b142a                                UNITED STATES MAGISTRATE JUDGE

---

[2] In Morrison v. Hall, 261 F.3d 896 (9th Cir. 2001), the Court held that a ban on subscription for-profit bulk mail was unconstitutional.